IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-01055-RPM

SIMON SUE,

     Applicant,

v.

KRIS KLINE, Warden, Kit Carson Correctional Center and
CYNTHIA COFFMAN, Attorney General for State of Colorado,

     Respondents.

_____

## ORDER FOR DISMISSAL
_____

Facing an amended Information containing 38 felony charges, including two charges of first degree murder, Simon Sue elected to accept a negotiated plea agreement, pleading guilty to three charges of conspiracy to commit first degree murder and one charge of violation of the Colorado Organized Crime Control Act (COCCA) with a stipulation that his sentence would be not less than 40 years and not more than 60 years imprisonment.

His counsel presented the testimony of many witnesses at the sentencing hearing, which was very emotional, emphasizing his teenage actions with co-defendants who were high school classmates.  The sentencing judge erred in structuring a sentence of 53 years by imposing concurrent terms of 45 years on the three conspiracy counts and a consecutive term of 8 years on COCCA. He found aggravating circumstances not included in the agreement and notified the defendant of a right to appeal but did not advise of the 45-day time limit.

Sue was shocked at the length of the prison term and told his counsel he wanted to appeal. They did not file a notice of appeal but filed a motion for reduction of sentence under Rule 35(b) of the Colorado Rules of Criminal Procedure.

The failure of trial counsel to file a direct appeal is the basis for the single claim of ineffective counsel in violation of the Sixth Amendment that is raised in this habeas corpus application under 28 U.S.C. § 2254. The Applicant relies on *Roe v. Flores-Ortega,* 528 U.S. 420 (2000) holding that counsel's performance is deficient when she fails to file a timely notice of appeal without specifically advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to determine the defendant's wishes. The requested relief is a reinstated appeal.

The decision to seek a reduction of sentence rather than a direct appeal was made by trial counsel thinking that the trial judge would consider the comparison of the sentence of a co-defendant. Sue dismissed his trial counsel before the motion could be heard. Ultimately with the aid of new appointed counsel Sue filed a Rule 35(c) motion making the claim that is presented here. The sentencing judge conducted an evidentiary hearing and on conflicting testimony from Sue and trial counsel, found that this tactical decision was discussed with Sue.

The Applicant asserts that this finding was an unreasonable determination of the facts in light of the evidence presented at the hearing on the motion. The judge did not directly address the conflicting testimony in finding that Sue had been told of the tactical move. He did not find that counsel discussed the advantages and disadvantages of filing a direct appeal. It is not necessary to make the determination that the findings

were unreasonable because Sue has not shown prejudice from the failure to file a direct appeal.

There was error by the trial court in using a finding of aggravation to determine the sentences for conspiracy under the law established by the Supreme Court in *Blakely v. Washington,* 542 U.S. 296 (2004) decided eight months after the time for a direct appeal had expired.  That was an extension of *Apprendi v. New Jersey, 530 U.S. 466 (2000)* which could have been applied.  The result of the appeal would have been a new sentencing hearing.  The judge could have reached the same 53 years sentence by restructuring the sentence, eliminating the aggravating factor, and making two of the conspiracy sentences consecutive.  Accordingly, the Applicant has failed to show prejudice from ineffective assistance of counsel by failing to get his approval for not filing a direct appeal.  Accordingly, upon the foregoing, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this civil action is dismissed.

DATED:   January 25th, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge